1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CLIFFORD DION JACKSON,                   No. 2:24-cv-3628 CKD P
12              Plaintiff,
13        v.                                  ORDER
14   JOHN M. DOWBAK, et al.,
15              Defendants.
16
17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §
18   1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §
19   636(b)(1).
20        Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a
21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.
22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§
23   1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the
24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.
25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
26   month's income credited to plaintiff's prison trust account. These payments will be forwarded by
27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
28   exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff complains about the medical care he received for an injured left pinky finger. A violation of the Eighth Amendment occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. A showing of merely negligent medical care such as the one made in plaintiff's complaint is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////

1      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
2   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
3   complaint be complete in itself without reference to any prior pleading.  This is because, as a
4   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
5   F.2d 55, 57 (9th Cir. 1967).
6      In accordance with the above, IT IS HEREBY ORDERED that:
7      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
8      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
9   shall be collected and paid in accordance with this court's order to the Director of the California
10  Department of Corrections and Rehabilitation filed concurrently herewith.
11     3.  Plaintiff's complaint is dismissed.
12     4.  Plaintiff is granted thirty days from the date of service of this order to file an amended
13  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
14  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
15  number assigned this case and must be labeled "Amended Complaint."  Failure to file an
16  amended complaint in accordance with this order will result in a recommendation that this action
17  be dismissed.

Dated:  February 26, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jack3628.14

3