UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD DION JACKSON, | No. 2:24-cv-3628 WBS CKD P |
| Plaintiff, | |
| v. | ORDER |
| JOHN M. DOWBAK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's amended complaint (ECF No. 14) is before the court for screening.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. The court will, however, grant plaintiff one final opportunity to state a claim upon which he can proceed.

1

Plaintiff complains about the medical care he received for an injured finger. A violation of the Eighth Amendment occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. A showing of merely negligent medical care such as the one made in plaintiff's complaint is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). The allegations presented by plaintiff do not amount to deliberate indifference. While the allegations do suggest the course of action taken by defendant Dr. Dowbak was not the correct one, the allegations do not suggest anything more than negligence.

Plaintiff asserts violations of California law such as negligence, but plaintiff fails to plead compliance with the California Tort Claims Act. Plaintiff is informed that before he may proceed on a claim arising under California law in this court he must comply with the terms of the California Tort Claims Act, and then plead compliance. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007). Also, plaintiff will not be able to proceed in this court if he does not state a violation of federal law. The court must have original jurisdiction before it can exercise supplemental jurisdiction over state law claims. 28 U.S.C § 1367.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

1  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

2  F.2d 55, 57 (9th Cir. 1967).

3        In accordance with the above, IT IS HEREBY ORDERED that:

4        1.  Plaintiff's amended complaint is dismissed.

5        2.  Plaintiff is granted thirty days from the date of service of this order to file a second

6  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

7  of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear

8  the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure

9  to file a second amended complaint in accordance with this order will result in a recommendation

10  that this action be dismissed.

11  Dated:  September 9, 2025

12        _____
      CAROLYN K. DELANEY

13        UNITED STATES MAGISTRATE JUDGE

16  1
jack3628.14(2)

3